GREENBERG *v.* THE WESTERN UNION TELEGRAPH COMPANY.

A declaration in the city court of Macon against a telegraph company for the statutory penalty under the act of 1887, and for special damages, which alleges that the company is a corporation, one of whose offices is located in the city of Macon, but does not allege that the company has any line of wires wholly or partially in this State or partially in the State of Tennessee, or that it has an office or agent at Chattanooga, Tenn., sets forth no cause of action, either for penalty or damages, by alleging that a certain described telegraphic dispatch, addressed to the plaintiff at Macon, Ga., was sent to him on a specified day from Chattanooga, Tenn., by a person named, and that the defendant company failed to deliver, and never has delivered the dispatch to the plaintiff, who is a merchant tailor in said city of Macon. There being no allegation to whom the dispatch was delivered at Chattanooga, Tenn., for transmission, or by what company or line it was to be transmitted, or that it ever came into the hands of the defendant company, or that that company had any office or line in Tennessee, or that anything was paid or tendered as compensation for transmission or delivery, no breach of duty or of contract on the part of the defendant company appears; and this being so, the judgment of the city court in dismissing the action was correct, whether the specific grounds on which the court based its judgment were sound or unsound.    The general ground that the declaration set forth no cause of action was sustainable.        *Judgment affirmed.*

August 1, 1892.

Telegraph company. Penalty. Damages. Before Judge Ross. City court of Macon. September term, 1892.

The exception in this case is to the sustaining of a demurrer *ore tenus* to the declaration brought by Greenberg against the telegraph company to recover the statutory penalty for failure to deliver a telegram, and to recover damages by reason of such failure. The de-

murrer was upon the grounds, that the declaration showed on its face that it was in conflict with the constitution of the United States regulating commerce between the States, as to the penalty ; and that it showed no cause of action as to the damages claimed, because the damages were too remote and contingent, and there was no contract between plaintiff and defendant to make it liable to plaintiff.

The declaration alleged that the telegraph company was indebted to Greenberg $150 ; that on February 13, 1891, one Beeker sent petitioner from Chattanooga, Tennessee, a telegraphic dispatch to Macon, Georgia, asking him if he would meet Beeker at the Kimball house Saturday or Sunday, expenses paid, that Beeker wanted to see him ; that petitioner is a merchant tailor in Macon, and Beeker represented a house with which petitioner had large dealings in tailoring goods ; but because of the failure of defendant to deliver the dispatch with due diligence, petitioner was compelled to make a trip from Macon, Georgia, to Cincinnati, Ohio, to purchase his goods, and the actual expenses of the trip, including the value of petitioner's ———— and attention to his business, was $150 ; that under the statute defendant was indebted to him $100 as a penalty for failure to deliver the dispatch as the law requires, and $250 by reason of the aforesaid damages and the penalty prescribed by law. By amendment plaintiff alleged : Defendant did not deliver the dispatch at all. If it had done so in due time, petitioner would have complied with the request made in it and would not have been compelled to go to Cincinnati, but would have met Beeker in Atlanta, and would have made such arrangements with him in reference to the purchase of the goods, "that compelled as he was to go to Cincinnati in order to purchase goods," and that when he did go to Cincinnati he did buy his goods from Beeker's house.

He had been accustomed to buy goods from Beeker as a salesman, in Macon at petitioner's store, from samples which Beeker carried, and the telegram was sent because he had written the firm represented by Beeker, that he thought that he, plaintiff, would not go off to buy his goods this season, and if the telegram had been delivered he could and would have been able, without expense to him, to have purchased his goods from Beeker in Atlanta, and would not have been compelled as he was to go to Cincinnati, at great expense to himself, to wit, $150 in travelling expenses, hotel bill and loss of time from his business.

JOHN WALTER ROBISON, for plaintiff.

GUSTIN, GUERRY & HALL, for defendant.